Domenick L. Gabrielli, J.
Plaintiff brings this action for damages resulting from a partnership dissolution. The summons was served on March 30,1964. Within 20 days, the defendant served a notice of appearance upon the plaintiff. On August 4, 1965, the defendant moved for a dismissal of the action for failure to prosecute upon the ground that the complaint had never been served. Along with his affidavits in opposition to the motion, the plaintiff served his complaint on the defendant’s attorney on August 13,1965, which was returned to the plaintiff’s attorneys.
The plaintiff resists the motion upon the ground that discussions regarding settlement were had and therefore the complaint was not served. No cross motion has been made by the plaintiff.
The Fourth Department, in Borreggine v. Di Ponzio (10 A D 2d 811), in reversing Special Term’s order denying the dismissal of an action in which the complaint had not been served for six months, stated that “ No cross motion was made by plaintiff to open the default although this was clearly the required procedure. (4 Carmody-Wait, New York Practice, p. 523; Blasser v. Morrisania Milk, Co., 243 App. Div. 281; Walsh v. Ben Riley’s Arrowhead Inn, 2 A D 2d 714.) ” In the foregoing case, the Statute of Limitations had run. Here, such is not the case.
The defendant’s motion is granted, with leave to the plaintiff to move to vacate the default as directed in Borreggine v. Di Ponzio (supra) if the plaintiff so desires.