■ HELEN DAMIANO et al., Respondents, v. JAMES CORHAN, Appellant.— In an action to recover damages for harassment, defendant appeals from an order of the Supreme Court, Kings County, dated February 24, 1973, denying his motion to vacate a default judgment against him and to permit him to answer the complaint. Order affirmed, without costs, with leave to defendant, if so advised, to move *de novo* to open his default on papers showing a connection between his claimed mental state and the default incurred. The instant record on appeal does not support the claim that defendant, a septuagenarian, was of such impaired mentality that, when acting *pro se*, he did not understand the significance of the summons and complaint served upon him, and could not thereafter competently comply with a direction, made on a prior motion to open his default, to post a surety company bond in the sum of $1,000 and to pay to plaintiffs $250 costs. In view of this court's liberal policy in opening default judgments, where, in the interest of justice and in the court's discretion, such relief is appropriate (*Schutzer* v. *Berger*, 40 A D 2d 725), defendant will be afforded another opportunity to show the exigencies he now asserts. Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ EMPIRE FIND REALTY, INC., Appellant, v. MARYLAND CASUALTY INSUR. Co., Respondent.— In an action to recover upon an insurance policy for property damage, plaintiff appeals from an order of the Supreme Court, Queens County, dated June 28, 1972, which (1) granted defendant's motion pursuant to CPLR 3012 (subd. [b]) to dismiss the action for failure to serve a complaint and (2) denied plaintiff's cross motion to permit it to serve a complaint. Order reversed, without costs, defendant's motion denied and plaintiff's cross motion granted. The complaint must be served within 20 days after entry of the order to be made hereon. In our opinion, the settlement negotiations which continued after defendant made a demand for a complaint adequately explains plaintiff's failure to comply with defendant's demand (see *Straughter* v. *Francis*, 47 Misc 2d 421). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■ CHARLES FEUER et al., Appellants, v. HARRY PAGET, Respondent.— In an action to recover damages, predicated upon a complaint alleging false representations assertedly made by defendant, while acting in a fiduciary capacity, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated December 22, 1972, which granted defendant's motion to dismiss the complaint, on a defense founded upon documentary evidence (CPLR 3211, subd. [a], par. 1), and from a judgment of the same court, dated January 11, 1973, entered upon such order. Order and judgment affirmed, with $20 costs and disbursements. No opinion. Munder, Acting P. J., Latham, Shapiro and Christ, JJ., concur; Benjamin, J., dissents and votes to reverse and to deny the motion to dismiss the complaint, with the following memorandum: In my opinion, a constructive trust exists by reason of the relationship of the parties, raising the issue of fraud on defendant's failure to disclose the consideration received by him (*Meinhard* v. *Salmon*, 249 N. Y. 458).